An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PATRICIA K. PURCELL,
Appellant,
vs.
CHASE HOME FINANCE LLC; CHASE
BANK; HILLS CENTER BUSINESS
PARK; AND JP MORGAN CHASE
BANK, N.A.,
Respondents.

No. 60940

FILED

FEB 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; J. Charles Thompson, Judge.

After an unsuccessful FMP mediation session, the presiding mediator issued a statement that noted no deficiencies on behalf of respondents. Appellant then filed a petition for judicial review in the district court. Respondents filed a response to the petition noting that the petition was untimely filed and arguing that respondents had strictly complied with the FMP requirements. Respondents attached copies of the documents they produced at mediation, including the blank-endorsed promissory note and deed of trust. The note and deed of trust were executed in favor of Washington Mutual Bank, F.A. Respondents also produced an affidavit from the Federal Deposit Insurance Corporation (FDIC) stating that respondent JP Morgan Chase Bank, N.A. had acquired all the assets of Washington Mutual, as well as a copy of the purchase agreement transferring all of Washington Mutual's assets to JP Morgan Chase Bank. After a hearing, the district court denied the

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04970

petition for judicial review and ordered an FMP certificate of completion to issue. Appellant filed a motion for reconsideration. After a hearing on the motion for reconsideration, the district court denied reconsideration. This appeal followed.

This court reviews a district court's factual determinations deferentially, Ogawa v. Ogawa, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that a "district court's factual findings . . . are given deference and will be upheld if not clearly erroneous and if supported by substantial evidence"), and its legal determinations de novo. Clark County v. Sun State Properties, 119 Nev. 329, 334, 72 P.3d 954, 957 (2003). Absent factual or legal error, the choice of sanction in an FMP judicial review proceeding is committed to the sound discretion of the district court. Pasillas v. HSBC Bank USA, 127 Nev. ___, ___, 255 P.3d 1281, 1287 (2011). An order denying reconsideration is not substantively appealable, but this court may consider that order to the extent it clarifies the final order. In re Orpheus Trust, 124 Nev. 170, 181 n.27, 179 P.3d 562, 569 n.27 (2008).

To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation, (2) participate in good faith, (3) bring the required documents, and (4) if attending through a representative, have a person present with authority to modify the loan or access to such a person. NRS 107.086(4) and (5); Leyva v. National Default Servicing Corp., 127 Nev. ___, ___, 255 P.3d 1275, 1278 (2011). The purpose of FMP mediation and its attendant requirements is to bring the deed of trust beneficiary and the homeowner together for meaningful negotiation. Holt v. Regional Trustee Services Corp., 127 Nev. ___, ___, 266 P.3d 602, 607 (2011).

Having reviewed the record on appeal, and having considered appellant's proper person appeal statement, we conclude that respondents' representative attended the mediation and produced the documents required by NRS 107.086(4) and the Foreclosure Mediation Rules. The documents produced demonstrated that respondents' representative had authority to negotiate in good faith. Further, the mediator did not find any deficiency on behalf of the respondents. Thus, we conclude that the district court properly denied the petition for judicial review.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]We conclude that none of appellant's other arguments warrant reversal. We deny all other requests for relief.

[2]In light of this order, we deny as moot respondents' motion to strike.

cc:    Chief Judge, The Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Patricia K. Purcell
Smith Larsen & Wixom
Eighth District Court Clerk